IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VERNON R. JOHNSON,

                Petitioner,

      vs.

NEBRASKA DEPARTMENT OF
CORRECTION SERVICES, and MICHELLE
WILLHELM, (NSP) Warden;

                Respondents.

**4:23CV3024**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Vernon R. Johnson's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254.  The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court.  Condensed and summarized for clarity, Petitioner's claims are:

Claim One:        Petitioner received ineffective assistance of counsel because trial counsel failed to advise Petitioner when the State filed an amended information and during Petitioner's plea to the new charges.

Claim Two:        The trial court failed to arraign Petitioner and provide a preliminary hearing on the amended information.

Claim Three:      The trial court erred and trial counsel was ineffective by failing to provide discovery on both the original and amended informations.

Claim Four:         The trial court erred in accepting Petitioner's no contest plea as the plea was not knowingly, voluntarily, and intelligently made due to trial counsel's failure to object to or inform Petitioner of the charges in the amended information.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner has also filed a Motion for Scheduling Case Management and Telephonic Hearings. Filing No. 6. Petitioner requests that the Court enter an order "Scheduling Case Management" and that the Court grant telephonic hearings for all future hearings. Upon consideration, Petitioner's Motion is granted to the extent that the Court will establish progression deadlines, which are set forth below, but the Court will deny Petitioner's request for telephonic hearings as premature as no hearings have been set. If future hearings are set, the Court will address how such hearings will be conducted at that time, giving due consideration to Petitioner's confinement at the Nebraska State Penitentiary.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.     By **September 5, 2023**, Respondents must file a motion for summary judgment or state court records in support of an answer.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 5, 2023**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3.     If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

A.     The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.     The motion for summary judgment must be supported by any state court records that are necessary to support the motion.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.  Such motion must set forth the documents

requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.  Petitioner may not submit other documents unless directed to do so by the Court.

E.  No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief.  In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F.  If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order.  *See* the following paragraph.  The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.  If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A.  By **September 5, 2023**, Respondents must file all state court records that are relevant to the cognizable claims.  *See, e.g.*, Rule

4

5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.  No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting

additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the Court.

E.      No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief.  In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.      The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 5, 2023**: check for Respondents' answer and separate brief.

5.      No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

6.      Petitioner's Motion for Scheduling Case Management and Telephonic Hearings, Filing No. 6, is granted to the extent progression deadlines have been established as set forth in this Memorandum and Order and denied as premature with respect to Petitioner's request for telephonic hearings.

6

Dated this 19th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge