IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERNON R. JOHNSON,<br><br>            Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>            Respondent. | 4:23CV3024<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Vernon R. Johnson's ("Johnson" or "Petitioner") Motion Requesting Additional Designation of State Court Records (the "Motion for Additional Records"), Filing No. 15, filed on September 15, 2023.

As the Court previously explained, *see* Filing No. 17, Petitioner asserts that Respondent's Designation of State Court Records, Filing No. 12, is insufficient and seeks to include (1) the "filings and record of proceedings on preliminary hearing and/or preliminary hearing waiver form on the Amended Information on new charges filed May 1, 2020"; and (2) the "indictment, record, service of copy on [Petitioner], [and] arraignment by Douglas County Sheriff." Filing No. 15 at 1 (capitalization and punctuation altered from original). On September 20, 2023, the Court directed Respondent to file a response to the Motion for Additional Records. Filing No. 17. On November 6, 2023, Respondent submitted a response to the motion, which Respondent incorporated into his brief submitted with his answer. Filing No. 21. Respondent states that all transcripts and the bill of exceptions filed in the Nebraska appellate courts in both of Petitioner's state appeals were included in Respondent's Designation of State Court Records so "there is nothing additional for Respondent to file. Any documents

requested by Johnson in his motion that are not already included in the transcripts or bill of exceptions were not filed with the Nebraska appellate courts during Johnson's state appeals." *Id.* at 1–2.

Johnson filed a reply and brief in response to Respondent's answer and brief on November 29, 2023, in which he also responds to Respondent's response to the Motion for Additional Records. Filing No. 22. Johnson maintains that "Respondent's documents are incomplete," and "Rule 5 requires 'the relevant transcripts for Petitioner's State district courts 'preliminary hearing or waiver form' be contained in a Habeas answer to be apart [sic] of the answer itself, without [which] a habeas answer must be deemed incomplete." *Id.* at 2. Johnson goes on to state:

> 13. Petitioner has reviewed the Respondent's filed documents as Designation of State Court records submitted, and Petitioner's State Court Records filed by Respondent's [sic] are, (1) page #14 of the Bill of Exception on CR 20-450, which contains twenty-nine (29) pages filed on August 17, 2020, which Petitioner has filed as (Exhibit 1), no filed Original Information or Amended Information or Order for Discovery; Petitioner herein incorporates the above as exhibit's [sic] 1, 2[,] 3[,] and 4 as part of Petitioner's Brief.
> . . . .
> 17. Petitioner herein now incorporates by reference as the complete State Court Records that was provided to petitioner by the Douglas County Public Defender[']s Office, upon filing of petitioner's post-conviction relief. Petitioner files ("Four Exhibits"); (1) 29 pages Bill of Exception and Transcript, (2) three pages of Original Information, (3) three pages of Amended Information, and (4) one page of Court Order Discovery; each on case CR 20-450.

*Id.* at 2–3. As he indicates, Johnson attached to his reply and brief copies of the 29-page Bill of Exceptions, the Original Information, the Amended Information, and an Order for Discovery from his state criminal case, CR20-450, as Exhibits 1 through 4. *Id.* at 36–71.

Johnson's Exhibits 1, 2, and 3, containing the Bill of Exceptions from his plea and sentencing hearings and the Original and Amended Informations, are duplicates of records already contained within Respondent's Designation of State Court Records. *Compare* Filing No. 22 at 36–70 *with* Filing No. 12-14 (Bill of Exceptions), Filing No. 12-11 at 2–3 (Original Information), and Filing No. 12-11 at 6–8 (Amended Information). Johnson's Exhibit 4, the Order for Discovery, is not contained within Respondent's Designation. However, since Johnson has incorporated the document into his reply and brief, the Order for Discovery in Exhibit 4 is part of the record and the Court will consider it to the extent it may be relevant to Johnson's habeas claims.

Upon review of the Motion for Additional Records, Respondent's response, and Johnson's reply, it appears that the additional documents Johnson sought to be included in the Designation are his Exhibits 1, 2, 3, and 4, which are all part of the record in this case. To the extent Johnson may be seeking other documents, he has not clearly identified what those documents are or whether the documents are part of his state court records, and there is no indication that such documents were part of the state court records before the Nebraska appellate courts, all of which Respondent has already filed with the Court. Accordingly,

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Additional Records, Filing No. 15, is denied without prejudice as the additional documents sought by Petitioner are part of the record in this case, either in the Respondent's Designation of State Court Records, Filing No. 12, or as part of Petitioner's reply and brief, Filing No. 22.

3

4

2. Respondent has until December 29, 2023, to file and serve his reply brief in accordance with the Court's July 19, 2023 Memorandum and Order, Filing No. 7.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **December 29, 2023**: check for Respondent's reply brief.

Dated this 1st day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge