IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VERNON R. JOHNSON,

                Petitioner,

      vs.

ROB JEFFREYS,

                Respondent.

**4:23CV3024**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Vernon R. Johnson's ("Johnson" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Filing No. 1, a motion for case scheduling and telephonic hearings, Filing No. 25, a motion for an evidentiary hearing, Filing No. 26, and a motion for status, Filing No. 30.  Johnson's motion for status is granted, and this Memorand and Order will serve to advise Johnson of the status of this case.  Upon review of the Petition, the parties' briefing, and the record, the Court will deny the relief sought in the Petition, will dismiss the Petition with prejudice, and will deny the pending motions for evidentiary and telephonic hearings.

## I.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND[1]

**A.  Conviction and Sentence**

On February 5, 2020, Johnson was charged in the District Court of Douglas County, Nebraska, with one count of second degree forgery in an amount of $1,500 but less than $5,000, a Class IV felony.  Filing No. 12-11 at 2.  On May 1, 2020, the State filed

---

[1] The facts relevant to the Petition and stated in this Memorandum and Order are not in dispute.  The Court's recitation of the facts is primarily drawn from the Petition, Filing No. 1, Respondent's Answer, Filing No. 20, and Brief, Filing No. 21, Johnson's Brief, Filing No. 22, and the Nebraska Court of Appeals opinion in *State v. Johnson*, No. A-22-110, 2023 WL 17920 (Neb. Ct. App. Jan. 3, 2023), Filing No. 12-3.

an amended information charging Johnson with second degree forgery in an amount of $5,000 or more, a Class IIA felony.  *Id*. at 6.

On May 12, 2020, Johnson pled no contest to the amended information.  *Id*. at 9. The State's factual basis established that between the dates of April 28 through October 30, 2019, Johnson fraudulently wrote 54 checks on 44 different occasions at seven different Hy-Vee locations in the Omaha, Nebraska, area.  Johnson was identified on video surveillance on each occasion.  The total value of the checks written was $6,745.76, and Johnson did not have permission on any of the accounts to write those checks.  Filing No. 12-14 at 14.  On June 25, 2020, the state district court sentenced Johnson to 15 to 20 years' imprisonment with credit for 148 days served.  Filing No. 12-11 at 11–12; Filing No. 12-14 at 27.

**B.  Direct Appeal**

Johnson, with trial counsel, filed a direct appeal asserting that the sentence imposed was excessive.  *See* Filing No. 12-1; Filing No. 12-4.  On November 17, 2020, the Nebraska Court of Appeals summarily affirmed the state district court's judgment. Filing No. 12-1 at 4.  Johnson filed a petition for further review, which the Nebraska Supreme Court denied on December 23, 2020, as untimely filed.  *Id*.

**C.  Postconviction Proceedings**

In April 2021, Johnson filed a pro se motion for postconviction relief asserting three general claims that he received ineffective assistance of counsel, that his sentence and conviction were obtained by judicial misconduct, and that the court committed plain error and abused its discretion in imposing an excessive sentence.  Filing No. 12-12 at 2–13.

Johnson filed an amended motion for postconviction relief in June 2021, reasserting his previous claims and alleging an additional fourth general claim that the sentence imposed amounted to cruel and unusual punishment in violation of the Eighth Amendment. *Id*. at 25–38. Although the state district court noted that Johnson failed to file a motion seeking leave of court to amend his motion for postconviction relief, the court allowed Johnson to proceed on the motion and stated that "[t]he Court will now move forward using the Amended Motion for Postconviction Relief as [Johnson]'s official and final request for relief." *Id*. at 41.

In October 2021, Johnson filed a second motion for leave to amend his motion for postconviction relief, in which he asserted a fifth claim alleging that the district court violated Nebraska statutes related to the amended information; that his constitutional rights were violated during the plea and sentencing; and that, due to trial counsel's ineffectiveness in failing to investigate the factual basis for the amended information, his plea was not entered knowingly, voluntarily, and intelligently. *Id*. at 51–54. The transcript does not reflect that the district court ruled on Johnson's request to file a second amended motion for postconviction relief.

On January 21, 2022, the state district court filed its written order denying Johnson postconviction relief without an evidentiary hearing. *Id*. at 63–66. The court found that Johnson's "amended motion fail[ed] to set forth sufficient facts to establish that there [was] a reasonable probability that, but for counsel's errors, he would not have entered a plea and would have insisted on going to trial" and denied Johnson's ineffective assistance of counsel claims "based on the lack of prejudice." *Id*. at 65. With respect to Johnson's claims of judicial misconduct, plain error, and Eighth Amendment violations, the state

3

district court found that, because "[e]ach of these claims relate to arguments relating to sentencing in this case" and "could have been brought in the direct appeal, they do not warrant an evidentiary hearing." *Id.*

Johnson appealed, and on January 3, 2023, the Nebraska Court of Appeals entered a Memorandum Web Opinion affirming the lower court's judgment. Filing No. 12-3; *see also State v. Johnson*, No. A-22-110, 2023 WL 17920 (Neb. Ct. App. Jan. 3, 2023). Regarding his claims of trial court error, the Court of Appeals found that they were procedurally barred because each claim could have been, but was not, raised on direct appeal. The appellate court also refused to address Johnson's claims of ineffective assistance of counsel that were not raised to the state district court in the postconviction motion, namely:

> failing to request an arraignment or preliminary hearing on the new charge in the amended information without providing a copy of the indictment and 24-hour period to prepare for his defense without assent or being called to answer the indictment; failing to provide discovery or exculpatory evidence on the new charges of the amended information prior to hearings; providing "incorrect advice" regarding the potential sentence of a Class IIA felony; and by performing deficiently which performance did not equal that of a lawyer with ordinary training and skill in criminal law.

Filing No. 12-3 at 4.

The Court of Appeals found that Johnson's claims of ineffective assistance of trial counsel which were raised before the state district court and assigned as error on appeal were that his trial counsel (1) failed to advise or object during the plea and amended information hearings when the court questioned Johnson regarding Johnson's understanding of the charge contained in the amended information; (2) failed to advise him on all aspects of the criminal proceedings so that Johnson could understand whether to proceed to trial or change his plea; (3) failed to provide him with court-ordered discovery

which resulted in his lack of understanding in connection with his plea; and (4) failed to advise him in connection with the amended second degree forgery charge which resulted in his inability to make a knowing, voluntary, and intelligent waiver of constitutional rights when he made his plea. *Id*. at 5. The appellate court found that Johnson's first, second, and fourth claims were affirmatively refuted by the record, and that Johnson failed to allege sufficient facts regarding his third claim. *Id*. at 5–8.

Johnson filed a petition for further review, which was denied by the Nebraska Supreme Court on February 9, 2023, and the mandate issued on February 23, 2023. Filing No. 12-2 at 4.

**D. Federal Habeas Petition**

Johnson filed his Petition in this Court on February 27, 2023. Filing No. 1. Johnson's habeas claims, as stated by this Court in its preliminary review of the Petition,[2] are:

Claim One:       Petitioner received ineffective assistance of counsel because trial counsel failed to advise Petitioner when the State filed an amended information and during Petitioner's plea to the new charges.

Claim Two:       The trial court failed to arraign Petitioner and provide a preliminary hearing on the amended information.

Claim Three:     The trial court erred and trial counsel was ineffective by failing to provide discovery on both the original and amended informations.

---

[2] In his brief, Johnson adopted the Court's construction and statement of his claims. Filing No. 22 at 3, 17.

Claim Four:          The trial court erred in accepting Petitioner's no contest plea as the plea was not knowingly, voluntarily, and intelligently made due to trial counsel's failure to object to or inform Petitioner of the charges in the amended information.

Filing No. 7 at 1–2.

Respondent filed the state court record, Filing No. 12, an answer, Filing No. 20, and a brief in support of his answer, Filing No. 21. Johnson filed a brief in response to the answer, Filing No. 22, and attached copies of the 29-page Bill of Exceptions, the Original Information, the Amended Information, and an Order for Discovery from his state criminal case as Exhibits 1 through 4, which were offered in support of his previously-filed Motion for Additional Records, Filing No. 15. On December 1, 2023, the Court denied Johnson's Motion for Additional Records, concluding that "the additional documents Johnson sought to be included in the Designation are his Exhibits 1, 2, 3, and 4, which are all part of the record in this case," and any other documents Johnson may have sought were not clearly identified and were not part of the state court records before the Nebraska appellate courts. Filing No. 23 at 3. Respondent then filed a notice of case submission on December 21, 2023, indicating he would not file a reply brief. Filing No. 24. Johnson filed his own notice of case submission on April 5, 2024, along with a motion for "scheduling case management and telephonic hearings." Filing No. 25 (capitalization omitted). Johnson then later filed a motion seeking an evidentiary hearing pursuant to Rule 8 of the *Rules Governing Section 2254 Cases in the United States District Courts*, Filing No. 26, and a supporting brief, Filing No. 27. These matters are ripe for disposition.

6

## II.  OVERVIEW OF APPLICABLE LAW

Respondent argues that Claims Two, Three, and the trial court error portion of Claim Four are procedurally defaulted, and Claim One and the remaining ineffective assistance of counsel portion of Claim Four fail on the merits.  Filing No. 21 at 10–16. Thus, consideration of the law of exhaustion and procedural default, the deference that is owed to the state courts when a federal court reviews a state court's factual or legal conclusions, and the standard for evaluating a claim of ineffective assistance of counsel are all relevant to resolution of the claims set forth in the Petition.  Accordingly, the Court elaborates upon those concepts next so that it may apply them later in a summary fashion as it reviews Johnson's claims.

### A.  Exhaustion and Procedural Default

As set forth in 28 U.S.C. § 2254:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i)    there is an absence of available State corrective process; or

(ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must

7

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to either the Nebraska Supreme Court directly[3] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

---

[3] The Court notes that where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## B.  Nebraska Law Relevant to Procedural Default

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 *et seq*. (Reissue [2016 & Cum. Supp. 2024]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the

9

movant filed the prior motion." *Id.* Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."). Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

**C. Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405–06. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**D. *Strickland* Standard for Ineffective Assistance of Counsel Claims**

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), must be applied. The standard is very hard for petitioners to satisfy.

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id*. at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id*. at 687–88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts

11

relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 U.S. at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. *Id*. at 123. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id*. (internal quotation marks and citations omitted).

### III.  DISCUSSION

As explained below, the Court finds Claim Two, Claim Three, and the trial court error portion of Claim Four are procedurally defaulted, and Claim One and the remainder of Claim Four fail on the merits.

### A.  Procedurally Defaulted Claims

In Claim Two and portions of Claims Three and Four, Johnson asserts claims of trial court error based on the court's failure to arraign Johnson and provide a preliminary hearing, failure to provide discovery, and acceptance of his no contest plea when it was not knowingly, voluntarily, and intelligently made. Johnson also asserts in Claim Three that counsel was ineffective in failing to provide him discovery. For the reasons that follow, all of these claims are procedurally defaulted.

### 1. *Trial Court Error Claims*

Johnson did not raise Claim Two or the trial court error portions of Claims Three and Four on direct appeal. *See* Filing No. 12-4. Johnson attempted to present some of these claims in his postconviction motion, *see* Filing No. 12-12 at 33, 51–53, and in his postconviction appeal, Filing No. 12-7 at 7–9. However, the Nebraska Court of Appeals declined to consider Johnson's claims "that the trial court erred in rulings governing his plea, in failing to arraign him on the amended information, in failing to hold a preliminary hearing, and in accepting his no contest plea" because they could have been, but were not, raised on direct appeal and the claims were, thus, procedurally barred from postconviction relief. Filing No. 12-3 at 4. Respondent contends that Claim Two and the trial court error portions of Claims Three and Four are, therefore, procedurally defaulted as Johnson failed to raise the claims on direct appeal and would not be able to raise the claims in a second postconviction motion. Filing No. 21 at 13–15.

In response, Johnson argues that his trial court error claims cannot be procedurally defaulted because he raised these claims in his postconviction motion, which was his first opportunity to attack his conviction and sentence "[w]hen Petitioner ha[d] the same attorney during his trial and on direct appeal." Filing No. 22 at 24 (capitalization omitted); *see also Id*. at 30–31. Johnson's argument is misplaced. While it is true that "when, as here, the defendant is represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief," *State v. Jaeger*, 970 N.W.2d 751, 764 (Neb. 2022), Claim Two and the trial court error portions of Claims Three and Four are not framed as ineffective assistance of counsel claims but rather as claims strictly of trial court error.

Thus, Johnson was obligated to assert these claims in his direct appeal to properly present them to the state courts. He did not do so, and the claims are procedurally defaulted. Moreover, even if the Court construed these claims as asserting counsel was ineffective for failing to raise on direct appeal the various trial court errors at issue in each claim, such claims would also be procedurally defaulted as Johnson never raised such claims in his postconviction motion.

### 2. Remainder of Claim Three

Johnson alleges in the remaining portion of Claim Three that trial counsel was ineffective by failing to provide discovery on both the original and amended informations. Johnson raised his ineffective assistance claim in his postconviction proceedings, Filing No. 12-7 at 25–27; Filing No. 12-12 at 27, arguing that, had counsel provided him the court-ordered discovery, "he would have had an opportunity to gain a full understanding of the evidence in relation to the criminal elements of second degree forgery" and "he would have also been able to object during the court proceedings to establish that he did not commit the alleged offense." Filing No. 12-3 at 7. The Nebraska Court of Appeals declined to address the merits of this claim, stating:

> Johnson failed to allege what specific information was contained within the State's discovery which would have impacted his decision to plead. Without an allegation as to what the State's discovery evidence was, Johnson failed to allege sufficient facts pertaining to whether a rational defendant would have insisted on going to trial. As a result, this allegation of ineffective assistance of trial counsel fails for lack of specificity.

Id. at 7–8.

Essentially, the Nebraska Court of Appeals reviewed Johnson's postconviction motion and concluded that he failed to sufficiently allege facts demonstrating how counsel's allegedly deficient performance prejudiced Johnson as required by Nebraska

14

pleading rules.  *See State v. Dragon*, 843 N.W.2d 618, 623 (Neb. 2014) ("If a postconviction motion alleges only conclusions of fact or law, . . . the court is not required to grant an evidentiary hearing.").  Therefore, the ineffective assistance portion of Claim Three is procedurally defaulted pursuant to an independent and adequate state procedural rule.  *See Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009) ("Federal courts generally will not review claims that a state court has refused to consider because of the petitioner's failure to satisfy a state procedural requirement"); *Sing v. Frakes*, No. 8:15CV134, 2016 WL 3248244, at *5 (D. Neb. June 13, 2016) (same); *see also Ildefonso v. Gage*, No. 4:13CV3110, 2016 WL 1092468, at *9 (D. Neb. Mar. 21, 2016), *certificate of appealability denied* (Sept. 15, 2016) ("[T]he Nebraska Supreme Court's decision to refuse to consider claims that alleged only conclusions of fact or law was based on a firmly established state procedural rule[;] . . . in Nebraska, if a postconviction motion alleges only conclusions of fact or law, then the court is not required to grant an evidentiary hearing.").  The Nebraska courts would not entertain a successive postconviction motion based on this same claim, and any successive postconviction motion filed by Johnson would also be barred by Nebraska's statute of limitations.

### 3. Cause and Prejudice

Because Claim Two, Claim Three, and the trial court error portion of Claim Four are procedurally defaulted, the Court cannot review these claims unless Johnson can establish cause and prejudice to excuse the default.  Liberally construed, Johnson argues that the ineffective assistance provided by his counsel "throughout his criminal case" excuses any procedural default of his claims.  Filing No. 22 at 29.  While ineffective assistance of counsel may constitute "cause" in some circumstances, "[n]ot just any

deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Rather, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which must be presented to the state courts. *Id*. at 451–52 (citation omitted) (emphasis in original). Thus, in order to claim that ineffective assistance of counsel is cause to excuse his procedural default of Claim Two, Claim Three, and the trial court error portion of Claim Four, Johnson first must have prevailed on his ineffective assistance of counsel claim in the Nebraska state courts. Johnson presented two ineffective assistance of counsel claims to the state courts, which he raises here in his Petition as Claim One and the remaining portion of Claim Four. Accordingly, the Court now reviews Claim One and the remaining portion of Claim Four in order to determine whether Johnson has established cause and prejudice to excuse the procedural default of his other claims.

**B. Ineffective Assistance Claims Decided on the Merits**

**1. *Claim One***

In Claim One, Johnson alleges he received ineffective assistance of counsel because trial counsel failed to advise Johnson when the State filed an amended information and during his plea to the new charge. Johnson presented this claim through one complete round of state court review. *See* Filing No. 12-7 at 7, 17–21; Filing No. 12-10 at 6–8; Filing No. 12-12 at 26–29. The Nebraska Court of Appeals rejected this claim on the merits in Johnson's state postconviction appeal, reasoning as follows:

> Johnson argues that his trial counsel was ineffective for failing to advise him or object during the plea or amended information hearings regarding the amended information which increased the charged offense from a Class IV felony to a Class IIA felony. He asserts that trial counsel

16

was ineffective in not further advising him or not contesting these proceedings due to his own lack of understanding of the amended charge filed shortly before his plea hearing.

In *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017), the Nebraska Supreme Court addressed a similar claim of ineffectiveness due to trial counsel's failure to advise on the charges and evidence against the appellant. The Nebraska Supreme Court stated:

> Whether or not [appellant's] counsel adequately informed him regarding the charges and the evidence against him, [the appellant] could not show prejudice because he was informed of the charges and the evidence at the plea hearing. We further note that [the appellant] indicated that he understood the charges and did not have concerns regarding the factual basis. Thus, [the appellant] could not show a reasonable probability that he would not have entered pleas and insisted on going to trial but for counsel's alleged failures to adequately inform him. We therefore determine that the district court did not err when it rejected this claim without conducting an evidentiary hearing.

Here, the following colloquy occurred during the plea hearing:

> THE COURT: Has [defense counsel] gone over it with you?
> THE DEFENDANT: Not with the -- the amended complaint. No, sir. I went over and did some research myself. It was my understanding that the reason why -- because the value of it is why it's amended to a higher of a statute.
> THE COURT: Okay. Yeah, because the additional [sic] one was less than $5,000.
> THE DEFENDANT: Yes, sir.
> THE COURT: And this is a written instrument with a face value of $5,000 or more.
> THE DEFENDANT: So it's the value that makes it go to a higher --
> THE COURT: Higher level of felony.
> THE DEFENDANT: Yes, Your Honor. Okay.
> THE COURT: Okay. So do you believe you have a sufficient understanding of this to make a knowing and intelligent decision on whether or not to plead -- or enter a plea to this charge?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Okay. And you'd like to go ahead and go forward then today?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Okay. So, sir, with regard to this being a Class 2-A felony, there is no minimum associated penalty with this charge,

17

however there is a maximum penalty of 20 years of imprisonment. Do you understand that?
THE DEFENDANT: Yes, Your Honor.

The record reflects that the district court informed Johnson regarding the nature of offense charged in the amended information, the possible penalties associated with the charged Class IIA felony, and confirmed that Johnson understood the charge as it related to his change of plea. Johnson could not show prejudice because he was informed of the amended charge, that the amended charge was a Class IIA felony due to an increase in the value of the forged items, the possible penalties associated with a Class IIA felony, and because Johnson acknowledged his understanding. We further note that Johnson acknowledged that the facts were sufficient to support a guilty verdict. Accordingly, Johnson could not show a reasonable probability that but for his counsel's alleged error, he would have insisted on going to trial on this record. This assignment fails.

Filing No. 12-3 at 5–7.

Liberally construed, Johnson argues that the Nebraska Court of Appeals' decision was based on an unreasonable determination of the facts and was an unreasonable application of *Strickland* because the record shows his trial counsel did nothing to advise him regarding the charge in the amended information prior to his plea hearing, which was the first notice he received of the new charge, or even after he answered, "No, sir," in response to the trial court's question of whether counsel had gone over the amended information with him, thus establishing prejudice and deficient performance. *See* Filing No. 22 at 20–21. The record, however, belies Johnson's contention that his May 12, 2020, plea hearing was the first time he had any notice of the new charge filed in the amended information as he admitted he "did some research [him]self" and discussed with the trial court his understanding that the reason he was charged with a higher level of felony was the higher value of the forged instruments. Filing No. 12-14 at 10–11. In any case, Johnson's arguments that his trial counsel's failure to advise him at all regarding the charge in the amended information constituted deficient performance and prejudiced

18

him are the same arguments considered and rejected by the Nebraska Court of Appeals. Upon careful consideration, the Court concludes the Nebraska Court of Appeals' decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. The Nebraska Court of Appeals correctly applied the *Strickland* standard to Johnson's ineffective assistance of counsel claim, and the state court's determination is entitled to deference.

### 2. *Claim Four*

In the ineffective assistance portion of Claim Four, Johnson alleges his no contest plea was not knowingly, voluntarily, and intelligently made due to trial counsel's ineffectiveness in failing to object to or inform Johnson of the amended charge. Johnson presented this claim through one complete round of state court review. Filing No. 12-7 at 27–30; Filing No. 12-10 at 5–8; Filing No. 12-12 at 26–29, 51–53. In his postconviction appeal, the Nebraska Court of Appeals considered Johnson's ineffective assistance claim and rejected it on the merits, reasoning:

> Johnson argues that he received ineffective assistance of counsel when his counsel failed to advise him on the material elements of the second degree forgery charge in the amended information. He asserts he became aware of the allegations only after the State provided its factual basis and contends his counsel's failures to inform him throughout the pretrial process resulted in an uninformed plea. Johnson asserts that, although the district court asked whether he understood the amended information, trial counsel failed to do so at any stage of the proceedings. More specifically, Johnson states:

>> The failure to object and stop the criminal proceedings and provide the [advice] and knowledge required by the Constitution, Trial counsel stayed silent, and this was the prejudice from this appalling failure that caused Johnson to [accept] the Courts [sic] amended information. The prejudice from this appalling failure is clear when that material element, and lack of providing advice on the

> amended information, can mean the difference between a Class 4 and Class 2A felony, when it came time for sentencing for Forgery Second Degree under Neb. Rev. Stat. §§ 28-105, 28-603 (Reissue 2016) respectively.

Brief for appellant at 28-29.

> Johnson's argument on appeal appears to again restate his first argument asserting ineffective assistance of counsel. Because we have already considered this argument above, we will not do so again here. Further, to the extent that Johnson's claim relates to any alleged failure by trial counsel to advise on the waiver of any constitutional violations, we note that the district court informed Johnson of the constitutional implications of entering a plea of guilty or no contest to the amended information. As a result, Johnson cannot show that he was prejudiced by any alleged failure by trial counsel.

Filing No. 12-3 at 8.

As with Claim One, and after careful review of the record, the Court concludes that Johnson cannot establish that the Nebraska Court of Appeals' determination was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the record evidence. The Nebraska Court of Appeals' application of the *Strickland* standard to Johnson's ineffective assistance of counsel claim was reasonable, and this Court must defer to the state court's determination.

## C. Conclusion

For the foregoing reasons, Claim Two, Claim Three, and the trial court error portion of Claim Four are procedurally defaulted. The ineffective assistance of counsel claims in Claim One and the remaining portion of Claim Four were decided on the merits by the Nebraska courts, and those determinations were not contrary to, nor an unreasonable application of, *Strickland*, were reasonable in light of the evidence presented, and are entitled to deference. Thus, neither Claim One nor the ineffective assistance portion of

Claim Four can serve to excuse the procedural default of Johnson's other claims.  The Court's independent review of the records fails to reveal any other cause and prejudice to excuse the procedural default of Johnson's claims.  The Court also concludes, again after careful review of the record, that the miscarriage of justice exception does not apply to excuse any default of Johnson's habeas claims as Johnson has not made any "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Accordingly, Johnson's habeas claims must be dismissed with prejudice.

## IV.  MOTION FOR EVIDENTIARY HEARING

Finally, Johnson has requested that an evidentiary hearing be conducted on his claims.  Filing No. 26.  Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claims.  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir.2002) (internal quotation omitted).

For the reasons already stated, Johnson has not demonstrated that an evidentiary hearing is warranted because he has failed to show that his claims fall within the exceptions allowing federal review of procedurally defaulted claims or that his claims have merit.   Johnson's motion for an evidentiary hearing, Filing No. 26, will, therefore, be denied, as will his request that any hearings be held telephonically, Filing No. 25.

## V.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.   28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).   The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).  The Court has applied the appropriate standard and determined Johnson is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Petitioner Vernon R. Johnson's Petition, Filing No. 1, is denied and dismissed with prejudice.

2.    The Court will not issue a certificate of appealability in this matter.

3.    The Court will enter a separate judgment.

4.    Petitioner's motion for status, Filing No. 30, is granted consistent with this Memorandum and Order.

5.    Petitioner's motion for case scheduling and telephonic hearings, Filing No. 25, and motion for an evidentiary hearing, Filing No. 26, are denied.

Dated this 28th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge